UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, MICHAEL C. BOURGAL,
DARIN JEFFERS, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT, as
Trustees and Fiduciaries of the Local 282 Pension
Trust Fund,

                      Plaintiffs,

       - against -

D. GANGI CONTRACTING CORP. and JOHN DOE
COMPANIES 1-99,

                      Defendants.
---------------------------------------------------------------------X

Civil Action No.:

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Pension Trust Fund (the "Fund"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought to collect $64,002 in withdrawal liability principal, as well as statutory interest, liquidated damages, and attorney's fees and costs, from (a) D. Gangi Contracting Corp. ("D. Gangi") and (b) John Doe Companies 1-99.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Sections 502(e)(1), 502(f), and 4301(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(e)(1), 1132(f), and 1451(c), and 28 U.S.C. § 1331.

2. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered in this district.

## THE PARTIES

3. Plaintiffs are the Trustees and fiduciaries of the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) (the "Trustees").

4. The Fund is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), that is subject to the withdrawal liability provisions of ERISA. The Fund's principal place of business is at 2500 Marcus Avenue, Lake Success, New York 11042. The Fund is jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 186(c)(5). The Fund is governed by a Restated Agreement and Declaration of Trust (the "Trust Agreement").

5. The Trust Agreement sets forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Fund and that the Fund is the beneficiary of the Trust Agreement terms. Accordingly, the Trustees have legal right to bring suit on behalf of the Fund and its participants and beneficiaries under Sections 502, 515, and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and 1451(a)(1).

6. Upon information and belief, D. Gangi is, and at all times relevant to this action has been, a New York corporation, which maintains its principal place of business at 2642 Coyle Street, Brooklyn, New York 11235.

7. D. Gangi was a party to collective bargaining agreements with Building Material Teamsters Local 282, pursuant to which D. Gangi was required to contribute to the Fund.

8. D. Gangi is, and at all times relevant to this action has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and the Trust Agreement.

## FACTUAL BASIS FOR CLAIM

The Withdrawal

9. In or around May 31, 2014, D. Gangi permanently ceased all operations for which contributions were owed to the Fund and/or permanently ceased to have an obligation to contribute to the Fund, thereby withdrawing from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

10. By letter dated February 22, 2018 (the "Notice of Withdrawal"), sent by certified mail, return receipt requested and first class mail, the Fund notified D. Gangi that as of May 31, 2014, it had effected a complete withdrawal from the Fund within the meaning of Section 4203 of ERISA, and that the Fund was assessing withdrawal liability. The Fund also asked D. Gangi to identify any controlled group members within the meaning of Sections 414 and 1563 of ERISA.

11. As a result of D. Gangi's withdrawal from the Fund, D. Gangi became liable to the Fund for a withdrawal liability principal in the amount of $64,002, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

12. After determining the amount of withdrawal liability incurred by D. Gangi, the Fund sent D. Gangi a letter by certified mail, return receipt requested and first class mail, dated March 6, 2018 (the "Notice and Demand"). In the Notice and Demand, the

Fund (a) informed D. Gangi of the amount of withdrawal liability principal and of the schedule for withdrawal liability payments and (b) demanded payment in accordance with the schedule as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

13. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the First Notice and Demand, D. Gangi was required to remit $1,065.35 each month, for 71 months, with a final payment in the amount of $893.02.  The first such monthly payment was due on or before April 1, 2018.

14. By letter dated April 9, 2018 (the "Notice of Default"), sent by certified mail, return receipt requested and first class mail, pursuant to the requirements of 29 CFR § 4207.3(b), the Fund notified D. Gangi that it had failed to make the first withdrawal liability payment when due and that if such default was not cured within sixty (60) days, D. Gangi would be in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

15. More than sixty (60) days have elapsed since D. Gangi received the Notice of Default, and D. Gangi has failed to make any withdrawal liability payments, request further review of the withdrawal liability assessment, or initiate arbitration of the withdrawal liability assessment.

16. By June 18, 2018 email, Fund counsel forwarded the Notice of Withdrawal, the Notice and Demand, and the Notice of Default to Aziza Usmanova, president of D. Gangi, noting that D. Gangi has failed to respond to the correspondence.  The email address to which counsel sent the notices was the same email address Ms. Usmanova used to communicate with Fund counsel in November 2017 about prior potential delinquencies.

17. Ms. Usmanova did not respond to the June 18, 2018 email.

The Controlled Group

18. Section 4001(b)(1) of ERISA provides in relevant part that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

19. In determining whether entities are considered to be under "common control," ERISA and the regulations promulgated thereunder use the definition of "trades or businesses under common control" found in the Internal Revenue Code. 29 U.S.C. § 1301(b)(1); 29 C.F.R. § 4001.3(a)(1).

20. Regulations issued under the Internal Revenue Code provide that a "brother-sister group of trades or businesses under common control" is one of the types of "trades or businesses under common control." 26 C.F.R. 1.414(c)-(2)(a). Two or more organizations constitute a "brother-sister group of trades or businesses under common control" if (i) the same five or fewer individuals own a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization. 26 C.F.R. 1.414(c)-(2)(c).

21. A "controlling interest" in an organization includes, in the case of a sole proprietorship, ownership of such sole proprietorship, and in the case of a corporation or partnership, ownership of at least 80 percent of the total value of shares of all classes of stock of the corporation or at least 80 percent of the profits interests or capital interests of the partnership. 26 C.F.R. 1.414(c)-2(b)(2)(i).

22. "Effective control" of an organization includes, in the case of a sole proprietorship, ownership of the sole proprietorship by one person, and in the case of a

- 5 -

corporation or partnership, ownership of at least 50 percent of the total value of shares of all classes of stock of the corporation or at least 50 percent of the profits interests or capital interests of the partnership.  26 C.F.R. 1.414(c)-(2)(c)(2)(i).

23. Despite request for same in the Notice of Withdrawal, D. Gangi has not provided any information about its controlled group members.

24. Defendant John Doe Companies 1-99 are fictitious defendants representing any other trade or business under common control with D. Gangi.

## CAUSE OF ACTION

25. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

26. By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Notice of Default, D. Gangi is in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Fund is entitled to immediate payment of $64,002 in withdrawal liability principal, plus accrued interest at the rate of eighteen percent (18%) per annum from the due date of the first payment until payment is made, liquidated damages, and attorney's fees and costs pursuant to ERISA Sections 502(g)(2)(A), 502(g)(2)(B), 502(g)(2)(C), 502(g)(2)(D), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), 1132(g)(2)(B), 1132(g)(2)(C), 1132(g)(2)(D), and 1451(b), and the Trust Agreement.

27. Because they were trades or businesses under common control with D. Gangi on the Date of Withdrawal, John Doe Companies 1-99 are jointly and severally liable with D. Gangi for the liabilities set forth in the preceding paragraph.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, as follows:

1. Declaring that John Doe Companies 1-99 were trades or businesses under common control with D. Gangi on the Date of Withdrawal;

2. Ordering the Defendants to identify all trades or businesses under common control with D. Gangi;

3. Ordering the Defendants to pay the Fund the sum of $64,002 for withdrawal liability principal pursuant to ERISA Sections 502(g)(2)(A), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), and 1451(b);

4. Ordering the Defendants to pay the Fund interest on the withdrawal liability at the rate of eighteen percent per annum pursuant to ERISA Sections 502(g)(2)(B), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), and 1451(b), and the Trust Agreement;

5. Ordering the Defendants to pay the Fund liquidated damages in an amount equal to the greater of (a) interest at the rate of eighteen percent (18%) per year on the withdrawal liability, or (b) an amount not to exceed twenty percent (20%) of the withdrawal liability pursuant to ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C), and 1451(b), and the Trust Agreement;

6. Ordering the Defendants to pay the Fund reasonable attorney's fees and costs of this action pursuant to ERISA Sections 502(g)(2)(D) and 4301(b), 29 U.S.C. §§1132(g)(2)(D) and 1451(b), and the Trust Agreement; and

- 8 -

7. Granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
June 29, 2018

*/s/ Michael S. Adler*

Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
212-563-4100
jvitale@cwsny.com
madler@cwsny.com

Attorneys for Plaintiffs